UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL 

Case No: <u>CR02-350(A)-AHM</u>　　　　　　　　　　　　　Date and Filed: <u>December 2, 2003</u>

**PRESENT: HONORABLE A. HOWARD MATZ, JUDGE**

| <u>Stephen Montes</u> | <u>Karen Pinn</u> | <u>Elena Duarte</u> |
|---|---|---|
| Deputy Clerk | Court Reporter | Asst. U. S. Attorney |

INTERPRETER: <u>N/A</u>

| USA v. (DEFENDANT(S) PRESENT): | ATTORNEYS PRESENT FOR DEFENDANT(S): |
|---|---|
| 1) <u>Steven William Sutcliffe, pro se</u><br>　<u>X</u> custody ___ bond ___ O/R | (1) <u>David R. Reed, Stand-By Counsel</u><br>　<u>X</u> appointed ___ retained |

___ DAY <u>COURT TRIAL</u>　**10th DAY JURY TRIAL**

___ The Jury is impaneled & sworn

___ Opening statements made by _____

<u>X</u> · Witnesses called and testified. ___ Exhibits identified. <u>X</u> Exhibit admitted.

___ Government rests.　___ Defendant(s) _____ rest.

___ Motion for mistrial by <u>defendant</u> is ___ granted ___ denied ___ submitted.

___ Motion for judgment of acquittal (FRCrP 29) ___ granted ___ denied ___ submitted.

___ Closing arguments made.　___ Court instructs jury. ___ Bailiff/Matron sworn.

___ Alternates excused.　___ Jury retires to deliberate.　___ Jury resumes deliberations.

___ FINDING BY COURT AS FOLLOWS:　___ FILED JURY VERDICT AS FOLLOWS:

Dft #1: ___ Guilty on count(s) _____ ___ Not Guilty on count(s) _____
Dft #2: ___ Guilty on count(s) _____ ___ Not Guilty on count(s) _____
Dft #3: ___ Guilty on count(s) _____ ___ Not Guilty on count(s) _____

Priority　✓
Send
Enter　___
Closed　___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

___ Jury polled. ___ Polling waived. ___ Filed Jury notes. ___ Filed Jury Instructions

**ENTER ON ICMS**
**DEC 3 2003**

___ Dft #___ Referred to P/O for I/R & cont to _____ for sentencing.

___ Dft #_____ remanded to custody. ___ Dft #_____ released from custody.
___ Remand/Release #_____ issd.　___ Bond exonerated as to dft #_____
<u>X</u> Case continued for further trial to December 3, 2003 at 8:00 a.m. for counsel and 8:30 a.m. for jurors.
<u>X</u> Other: <u>Court, *pro se* defendant, and counsel confer regarding jury instructions. Court orders *pro se* defendant's proposed jury instructions and affidavit be filed by attaching them hereto.</u>

319

MINUTES FORM 6
CRIM - GEN　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk _____

# Affidavit

Dec. 2, 2003

**RECEIVED DEC 2 - 2003 — CHAMBERS OF JUDGE A. HOWARD MATZ**

I, Steven Sutcliffe, hereby declare under penalty of parjury the following:

I have requested the government to turn over all Brady material to me. I have reviewed most, if not all, Bates pages. I have failed to find any mention of a subpoena, issued by F.B.I. agent Cugno, to yahoo.com between the dates of Feb. 5, 2002 and Feb. 8, 2002. The defense needs a copy of this subpoena, issued for the e-mail address gary_winnick2002@yahoo.com for preparation of the cross-examination of the agents prior sworn statements. It is both relevent and exculpatory as the accused believes the agent lied about issuing this subpoena wherein he claimed he obtained an IP address, which lead him to issue another subpoena to AT&T on Feb. 8, 2002. The only mention in discovery turned over to the accused listing a subpoena to yahoo.com for information on the e-mail address gary_winnick2002@yahoo.com is during March 2002, well after the agent testified he had located the location of the accused. For the above reasons the accused requests and respectfully demands the government be ordered to provide a copy of this subpoena issued on or after Feb 5, 2002 and prior to Feb. 9, 2002.

Steven Sutcliffe

DEFENDANT'S JURY INSTRUCTION NO.. _____

**IN ORDER TO CONVICT UNDER THE THREAT CHARGES ALLEGED, YOU MUST FIND THAT THE STATEMENTS WERE AN EXPRESSION OF AN INTENTION TO INFLICT INJURY OF SUCH A NATURE AS COULD REASONABLY INDUCE FEAR; THAT THEY WERE MADE KNOWINGLY AND WILLFULLY WITH THE APPARENT DETERMINATION TO CARRY THEM INTO EXECUTION.**

*United States v. Kelner*, 534 F.2d 1020 (2nd Cir. 1976); *Roy v. United States*, 416 F.2d 874 (9th Cir. 1969); *Lovell v. Poway United School District*, 90 F.3d 367 (9th Cir. 1966, citing to *United States v. Kelner*, at p. 372)

DEFENDANT'S JURY INSTRUCTION NO._____

FACTORS A JURY MAY CONSIDER WHEN DETERMINING WHETHER A STATEMENT CONSTITUTES A TRUE THREAT OR WHETHER IT IS PROTECTED SPEECH UNDER THE FIRST AMENDMENT INCLUDE

(1) THE REACTION OF THE RECIPIENT OF THE ALLEGED THREAT AND OF OTHER LISTENERS;

(2) WHETHER THE ALLEGED THREAT WAS UNCONDITIONAL;

(3) WHETHER AN OBJECTIVELY REASONABLE RECIPIENT WOULD VIEW THE MESSAGE AS A THREAT;

(4) WHETHER THE THREAT WAS COMMUNICATED DIRECTLY TO ITS INTENDED RECIPIENT;

(5) WHETHER THE MAKER OF THE ALLEGED THREAT HAD MADE SIMILAR STATEMENTS TO THE RECIPIENT IN THE PAST;

(6) WHETHER THE VICTIM HAD REASON TO BELIEVE THAT THE MAKER OF THE ALLEGED THREAT HAD A PROPENSITY TO ENGAGE IN VIOLENCE; AND

(7) WHETHER THE RECIPIENT OF THE ALLEGED THREAT COULD REASONABLY CONCLUDE THAT IT EXPRESSED A DETERMINATION OR INTENT TO HURT PRESENTLY OR IN THE FUTURE.

*Doe Ex Rel Doe v Pulaski Co. Special School*, 263 F.3d 833 (8th Cir. 2001); *Lovell v. Poway United School Dist.*, 90 F.3d 367, 371 (9th Cir. 1966); *United States v Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990)

1         DEFENDANT'S JURY INSTRUCTION NO. _____

**THE DETERMINATION AS TO WHETHER ANY STATEMENT CONSTITUTES A THREAT IS TO BE MADE FROM THE OBJECTIVE SPEAKER TEST: THAT IS WHETHER A TRUE THREAT WAS MADE TURNS UPON WHETHER A REASONABLE PERSON IN THE SPEAKER'S SHOES IN THE SAME CIRCUMSTANCES AND CONTEXT SHOULD HAVE FORESEEN THAT HIS WORDS WOULD BE INTERPRETED AS A SERIOUS EXPRESSION OF THE INTENT TO HARM BY THE INTENDED RECIPIENT. ALLEGED THREATS SHOULD BE CONSIDERED IN LIGHT OF THEIR ENTIRE FACTUAL CONTEXT INCLUDING THE SURROUNDING EVENTS AND REACTION OF LISTENERS.**

*Lowell v Poway Unified School Dist.*, 90 F.3d 367, 373 (9th Cir. 1966); *United States v. Orozco-Sullivan*, 903 F.2d 1262 (9th Cir. 1990); *United States v. Gilbert*, 884 F.2d 454, 457 (9th Cir. 19889) cert den. 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1044 (1990); *United States v Mitchell*, 812 F.2d 1260, 1255 (9th Cir. 1987) **accord** <u>United States v. Kelner</u>, 534 F.2d 1020 (2nd Cir.);, cert den 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976); *Colombia/Willamett v. American Coal of Life Activists*, 23 F.Supp.2d 1182, 1191 (D.Or. 1998); *Roy v. United States, 416 F.2d 874 (9th Cir. 1969); United States v. Merrill, 746 F.2d 458 (9th Cir. 1984); United States v. Gilbert (Gilbert II)*, 884 F.2d 454, 457-458